John W. McCLELLAN, d/b/a Alpine Refuse, and Homer Transfer Co., Inc., Appellants,

v.

KENAI PENINSULA BOROUGH, R. F. Miller Enterprises, Inc., d/b/a Peninsula Sanitation Co., and Burton Carver & Co., Inc., Appellees.

KENAI PENINSULA BOROUGH, R. F. Miller Enterprises, Inc., d/b/a Peninsula Sanitation Co., and Burton Carver & Co., Inc., Cross-Appellants,

v.

John W. McCLELLAN, d/b/a Alpine Refuse, and Homer Transfer Co., Inc., Cross-Appellees.

Nos. 2493, 2543.

Supreme Court of Alaska.

June 8, 1977.

John R. Strachan, Anchorage, for appellant.

John M. Stern, Jr., Anchorage, for appellant/cross-appellees.

Charles K. Cranston, Gallagher, Cranston & Snow, Anchorage, for appellees/cross-appellants.

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, ERWIN and BURKE, JJ.

## OPINION

BURKE, Justice.

This is an appeal by John W. McClellan, d/b/a Alpine Refuse, and Homer Transfer Co. Inc., from an order granting summary judgment to Kenai Peninsula Borough; R. F. Miller Enterprises, Inc. d/b/a Peninsula Sanitation Co.; and Burton Carver & Co., Inc. The controversy centers on the power of the Borough of Kenai to set up intermediate sites for the disposal of solid waste products and to contract with private refuse companies to transfer the solid waste to final landfill areas. The dispute requires us to construe AS 29.48.033(b) and AS 42.-05.221(f), both of which provide in pertinent part:

> ". . . A political subdivision of the state[1] may not provide for a garbage, refuse, trash or other waste material collection and disposal service in any area to the extent it lies within an area granted to a garbage, refuse, trash or other waste material carrier by a certificate issued by the [Alaska Public Utilities] commission to the carrier until it has purchased the certificate, equipment and facilities of the carrier or that portion of the certificate which would be affected at fair market value. . . ."

On June 20 and June 27, 1974, the Borough allowed contractors to bid on one year contracts covering all hauling of refuse to sanitary landfills and maintenance and operation of transfer sites.[2] Pursuant to these bids, contracts were awarded to Peninsula Sanitation and Burton Carver & Co.

Appellants, holders of certificates issued by the Alaska Public Utilities Commission allowing them to provide garbage and refuse collection and disposal utility service in the Kenai Peninsula Borough,[3] filed suit in the superior court against the Borough praying for injunctive relief and a declaratory judgment. The Borough made a cross-motion for summary judgment, establishing substantial agreement as to the facts. Judge Eben Lewis, in an order handed down March 10, 1975, granted the Borough's motion and held that:

> . . . the system of disposition of solid waste . . . of the Borough utilizing large boxes as intermediate disposal

---

1. AS 42.05.221(f) includes the words "of the state" whereas AS 29.48.033(b) does not.

2. Transfer sites are distinguishable from the final disposal points in that the former serve as intermediate facilities where trash may be left off by private citizens rather than collected door to door.

   The transfer sites were located at:
   a) Ninilchik and Anchor Point, Project E–74–11
   b) Kasilof, North Kenai and Sterling, Project E–74–12
   c) Cooper Landing, Hope and Moose Pass, Project E–74–13.

   The Alpine appeal only has reference to the hauling, collection and disposal of solid wastes in Project E–74–13; where as the Homer Transfer Co. appeal deals with E–74–11 and E–74–12.

3. AS 42.05.701(2)(F) includes within the definition of a public utility the "furnishing [of] collection and disposal service of garbage, refuse, trash or other waste material."

   This court in *Homer Electric Association, Inc. v. City of Kenai*, 423 P.2d 285, 289–90 (Alaska 1967) stated that a certificate of public convenience and necessity is a property right and as such is entitled to protection.

facilities to be subsequently transported to permanent disposition sites by its own forces or through a contractor employed through normal contracting procedures does not preempt without compensation the regulated utility function of going to customers for the immediate collection of solid waste.[4]

The question presented to this court is one of statutory interpretation. As one commentator has stated, "[it] seems that anyone looking for principles of interpretation would first hit upon the rather obvious idea that the statute should be given the meaning which will express the actual intention of the legislator when the law was enacted."[5] In this case we have been unable to find any legislative guidance which would illuminate our path.

In the situation at bar the dispute may be centered on the meaning of the phrase "collection and disposal" as used in AS 29.48.033(b) and AS 42.05.221(f). As has been stated:

> It is . . . a basic rule of [statutory] construction that general words should be given a general construction; that is they should be given their full and natural meaning, unless the statute in some manner reveals that the legislative intent was otherwise.[6]

Given this principle we note that Webster's Seventh New Collegiate Dictionary (1969) defines collection as "the act or process of collecting" or "something collected." Collect is defined as the "bring[ing] together into one body or place." The fact pattern presented is clear on the point that refuse was gathered at the various intermediate sites and was hence collected.

To accept the lower court's interpretation that dumpsters serving as intermediate dump sites qualify as the functional equivalent of final landfill sites would allow the Borough to place dumpsters in such a per-vasive fashion as to completely vitiate the requirement of AS 29.48.033(b) and AS 42.-05.221(f) that certificate holders be compensated for their interests. Such a result is not a reasonable reading of the statute.

In awarding Alpine Refuse and Homer Transfer their certificates of public convenience and necessity for the collection of refuse, the Alaska Public Utilities Commission, in an order dated February 26, 1974, endeavored to clarify the confusion generated by the legislature's failure to define "disposal" in AS 29.48.033(b) and AS 42.05.-221(f). The Commission found:

> . . . that disposal in this instance means the act of passing over the control of solid waste to the operators of a disposal site. Hence, the operation of garbage disposal sites does not constitute a utility service; it is only the *passing over of control of solid waste to the disposal site operator* which is regulated as a utility function. (emphasis added)[7]

The Commission in apparent anticipation of the Borough's actions went on to state that they considered

> . . . drop-boxes and dumpsters, which are used as intermediate disposal facilities, to be garbage and refuse containers. Thus, if in the future the Borough program includes the placement of drop-boxes, large disposal dumpsters, or large disposal containers as intermediate disposal facilities, the Commission is of the opinion that suitable arrangements can be made for the certificated utility in that area to service those facilities.[8]

We agree with this interpretation of AS 29.48.033(b) and 42.05.221(f). Therefore, we hold that the Borough of Kenai is liable to the appellants for the fair market value of their certificates of public convenience and necessity or that portion of the certificate that would be affected and remand to the superior court for findings as to such value.

---

4. Record on Appeal 145.

5. E. Bruncken, "Int_.pretation of the Written Law" *Sutherland Statutory Construction*, Vol. 4 at 41 (4th ed. C. D. Sands 1975).

6. E. Crawford, *The Construction of Statutes*, 324 (1940).

7. Record on Appeal 25–26.

8. *Id* at 26.

## CROSS–APPEAL

At the hearing on the parties' cross-motions for summary judgment, cross-appellant Borough made an additional motion for change of venue. Judge Lewis ruled that if both motions for summary judgment were denied, venue for trial would be changed from Anchorage to Kenai. Thus, he denied the motion for change of venue for the purpose of hearing the motions for summary judgment.

Cross-appellants urge that the court erred in failing to grant their motion for change of venue prior to a hearing on the summary judgment motions. Their argument is predicated on AS 22.10.030(d) which states in pertinent part:

> Subject to § 40 of this chapter, a trial and *any precedent or antecedent hearings* in an action *shall* be conducted in a senate district within the judicial district at a location which would best serve the convenience of the parties and witnesses. However, if there is any part of more than one senate district within the boundaries of a borough, the trial and related hearings shall be conducted within the borough's boundaries at a location which would best serve the convenience of the parties and witnesses. . . . (emphasis added)

That the word "shall" is generally considered to signal a mandate from the legislature is buttressed by its definition in Ballentine's Law Dictionary (3rd ed. at 1171) that it is

> [o]rdinarily, a word of mandate in a statute, the equivalent of 'must' where appearing in a statute.

A motion for summary judgment as Professor Wright has written:[9]

[p]ermits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. The motion may be made as to all or part of a claim of defense. It may be made on the pleadings or the record or it may be supported by affidavits. The motion strikes at the heart of the claim. In effect it argues that as a matter of law upon admitted or established facts the moving party is entitled to prevail.

Given that such a proceeding carries with it the potential final disposition[10] of an action, it would appear to clearly qualify as a "precedent or antecedent" hearing as set out in AS 22.10.030(d). As such it should have been conducted in the senate district[11] within the judicial district at a location which would best serve the convenience of the parties and witnesses. In the case presented, the controversy arose in the Kenai Peninsula Borough, the three defendants are all located approximately 11 miles from the courthouse in Kenai and one of the plaintiffs, Homer Transfer Co., Inc. has its principal place of business in Homer, Alaska, which is approximately 90 miles from the courthouse in Kenai.[12]

As we have previously stated with respect to AS 22.10.030(d):

> . . . In enacting this provision, the legislature made explicit the fact that its purpose was "to make the administration of justice more accessible to the people of rural areas of the state."[13]

Given this legislative intent it follows that AS 22.10.030(d) should be read so as to effectuate its avowed purpose. Therefore, we find that the lower court erred in failing

---

**9.** C. A. Wright, *Law Of Federal Courts*, 441 (2d ed. 1970).

**10.** Rule 56(c), Alaska Rules of Civil Procedure provides in pertinent part:
Judgment shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, show that there is *no genuine issue as to any material fact* and that any party is entitled to a judgment as a matter of law.

**11.** It should be noted that Senate District K and a portion of Senate District S lie within the Kenai Peninsula Borough. Appellants Brief at 7–8.

**12.** Record on Appeal 65–66.

**13.** *Alvarado v. State*, 486 P.2d 891, 905 n. 40 (Alaska 1971).

 

to grant the defendant's motion for change of venue.

■ Prior to the hearing on the motions for summary judgment the defendants offered to stipulate to a change of venue. However, the plaintiffs refused. This refusal forced counsel for the defendants to travel to Anchorage for the combined motions for summary judgment and change of venue. Where a party has brought an action in an improper locality, and refuses upon request of the other party to stipulate to change of venue to the proper locality, AS 22.10.030(d) is circumvented if, for even a hearing disposing of the entire matter, the court assumes venue. To help protect defendants from having their right to proper venue denied, a motion for costs for having to make a change of venue motion is proper. In the case presented the defendants made such a motion. Given the violation of AS 22.10.030(d), the lower courts failure to grant costs to the defendant is also error. We therefore remand this matter to the superior court for a determination of what costs should have been awarded the defendants.

REVERSED and REMANDED.