KO–AM ENTERPRISES, Appellant,

v.

Larry DAVIS, Appellee.

No. 6268.

Supreme Court of Alaska.

Jan. 14, 1983.

Jan Hart DeYoung and Bradley D. Owens, Jermain, Dunnagan & Owens, Anchorage, for appellant.

R. Stanley Ditus, Wade, Ditus & Hammond, Anchorage, for appellee.

Before BURKE, C.J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

## OPINION

COMPTON, Justice.

The primary issue presented in this appeal is what the appropriate remedy should be when an action is commenced in the wrong judicial district. For the reasons set forth below, we conclude that unless the superior court finds that the plaintiff acted in bad faith, or unless the interests of justice otherwise dictate, the appropriate remedy is to transfer the action to the judicial district of proper venue, rather than to dismiss the action.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The complaint filed by Appellant Ko-Am Enterprises (hereinafter referred to as "Ko-Am") arose out of a contract dispute with Appellee Larry Davis. The parties had entered into a contract for the sale and purchase of 3500 pounds of velvet reindeer antlers. The contract contained a provision for the arbitration of any disputes.

Ko-Am believed that Davis had breached the contract and it therefore requested Davis to submit the issue to arbitration. Following Davis' alleged refusal to do so, Ko-Am filed its complaint with the Superior Court of the Third Judicial District on May 26, 1981. Ko-Am sought a declaratory judgment that the arbitration provision was valid and an order compelling Davis to submit to arbitration. Ko-Am also filed a motion for a prejudgment writ of attachment in the amount of $74,664.00.

On May 28, 1981, Davis was served with the complaint by a copy being left with his wife at their residence in Nome, Alaska. The superior court issued a writ of attachment on June 10, 1981, upon proof that Ko-Am had obtained a bond in an amount equivalent to the writ. By June 25, 1981, the writ was fully executed.

On June 17, 1981, Davis filed a motion to dismiss the complaint, contending that venue was improper in the Third Judicial District pursuant to AS 22.10.030(b). Davis argued that the action should have been brought in the Second Judicial District. This is the district where he was served with the complaint, as well as the district in which the dispute arose. Davis requested an award of costs and attorney's fees for bringing the motion.

A hearing on Davis' motion was held July 1, 1981. The superior court concluded that Ko-Am should have filed its action in the Second Judicial District. The court dismissed Ko-Am's action, vacated the writ of attachment, and awarded Davis costs and attorney's fees. Ko-Am appeals from this decision.

## II. REMEDY FOR IMPROPER VENUE

Proper venue is governed by AS 22.10.-030(b), which states: "If . . . a defendant can be personally served within a judicial district of the state, the action against that defendant shall be commenced in that judicial district or in the judicial district in which the claim arose."[1] This statute does not specify what the appropriate remedy should be when an action is commenced in the wrong judicial district. Although neither party has expressly raised the issue, we believe that the proper resolution of this appeal requires us to determine what the remedy should be when AS 22.10.030(b) is not followed. The possibilities are either to transfer the action to the judicial district of proper venue or to dismiss the action. In formulating our rule, we receive guidance from the analogous federal law and its rationale.

Prior to the adoption of the Judicial Code of 1948, federal courts held that upon a timely objection to improper venue, there was no alternative but to dismiss the action. *Suttle v. Reich Brothers Construction Co.,* 333 U.S. 163, 169, 591, 92 L.Ed. 614, 618 (1948). The harsh results of this remedy, however, led to the enactment of 28 U.S.C. § 1406(a), which states: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." This section was enacted to avoid the injustice caused by dismissing an action because the plaintiff had made "an erroneous guess with regard to the existence of some elusive

fact of the kind upon which venue provisions often turn." *Goldlawr v. Heiman,* 369 U.S. 463, 466, 82 S.Ct. 913, 915, 8 L.Ed.2d 39, 42 (1962). In accordance with other procedural changes implemented at that time, the general purpose of this section was to remove obstacles that impeded the expeditious and orderly adjudication of cases on their merits. *Id.,* 369 U.S. at 466–67, 82 S.Ct. at 915–16, 8 L.Ed.2d at 42; 15 C. Wright & A. Miller, Federal Practice and Procedure § 3827, at 169 (1967).

Section 1406 permits either the transfer or dismissal of the action; however, an action is to be transferred instead of dismissed whenever it is in "the interests of justice" to do so. The recent federal trend indicates that actions generally should be transferred rather than dismissed, unless evidence indicates that the plaintiff acted in bad faith in commencing the action in the wrong district; e.g., the plaintiff intended to harrass the defendant. 7B J. Moore, Moore's Federal Practice § 1406, at 618 (1966).

In *Aleut Corp. v. Rogers,* 619 P.2d 472, 474 (Alaska 1980), we disapproved of the superior court's dismissal of a third-party complaint because the dismissal "unnecessarily exacerbated the procedural difficulties of the lawsuit at the expense of judicial economy and the litigants' interests." (Footnote omitted). We similarly conclude that in this context the policies of judicial economy and protecting the litigants' interests, which underlie the preference for disposing of cases on their merits rather than on procedural technicalities, are best served in most instances by transferring the action to the judicial district of proper venue rather than by dismissing the action. We note, however, that it may be appropriate to dismiss the action, instead, if evidence indicates that the plaintiff acted in bad faith in filing the complaint in the wrong district. There may be other circumstances, as well, in which the interests of justice are best served by dismissing the action. We there-

---

**1.** The parties do not dispute that Davis was properly served with the complaint in the Second Judicial District in accordance with Alaska R.Civ.P. 4(d)(1), which states: "Service shall be made . . . by delivering a copy of the

summons and of the complaint to [the defendant] personally, or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . ."

fore hold that it is incumbent upon the superior court to review all of the relevant facts when determining whether to transfer or dismiss the action.

### III. CONCLUSION

We conclude that it is necessary to remand this case to the superior court so that findings of fact may be made as to whether Ko-Am acted in bad faith in filing its action in the Third Judicial District. If the court finds that Ko-Am did not act in bad faith and that the interests of justice do not otherwise require the dismissal of the action, Ko-Am's complaint should be reinstated and the action transferred to the Second Judicial District.[2]

The judgment of the superior court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

---

**2.** If the superior court determines that dismissal of Ko-Am's complaint is warranted, an award of costs and attorney's fees may be appropriate. If the action is transferred to the Second Judicial District, however, an award of costs and fees at this point would be premature.