**NORTH SLOPE BOROUGH, DEPARTMENT OF ADMINISTRATION AND FINANCE, TAX AUDIT DIVISION; North Slope Borough Assembly; and North Slope Borough Board of Equalization, Appellants,**

v.

**GREEN INTERNATIONAL, INC., Appellee.**

No. S–8151.

Supreme Court of Alaska.

Jan. 15, 1999.

Steven E. Sumida, Assistant Borough Attorney, Barrow, for Appellants.

Herbert A. Viergutz, Barokas & Martin, Anchorage, for Appellee.

Before MATTHEWS, C.J., COMPTON, EASTAUGH, FABE and BRYNER, JJ.

*OPINION*

PER CURIAM.

## I. *INTRODUCTION*

We must decide whether the superior court erred in failing to award costs and attorney's fees after dismissing without prejudice to refiling in Barrow an administrative appeal that had been improperly filed in Anchorage. Although we conclude that the award was a matter for the court's discretion under Alaska Appellate Rule 508, we remand because the court applied an incorrect legal standard in denying costs and fees.

## II. *FACTS AND PROCEEDINGS*

On December 29, 1995, the North Slope Borough Board of Equalization (NSB) assessed personal property taxes against Green International (Green) for the period spanning 1989 to 1993. Green filed an administrative appeal, which it lost. Green appealed that decision to the superior court, filing its notice of appeal in Anchorage. After unsuccessfully attempting to convince Green to stipulate that Barrow was the appropriate location for filing the appeal, NSB moved to transfer venue, arguing that venue in Anchorage was improper. On March 17, 1997, the superior court in Anchorage granted NSB's motion and ordered Green's complaint dismissed "without prejudice if appeal is filed with the Second Judicial District, Barrow [within] 15 days."

Green refiled its appeal in Barrow and did not appeal the Anchorage superior court's order. On April 3, 1997, NSB filed a motion in the Anchorage case requesting $2100 in costs and attorney's fees that it had incurred while litigating venue. Green opposed and asked for costs and attorney's fees that it had incurred in opposing NSB's motion for costs. The superior court denied fees and costs to both parties stating: "This was a fairly close jurisdictional question. There was no vexatious action by either party. Costs may be addressed at [the] conclusion of appeal." NSB appeals this denial.

## III. *DISCUSSION*

██ Given that Green did not appeal the superior court's March 17 order of dismissal, we assume for purposes of this decision that the court was correct in determining that Green's appeal was improperly filed in Anchorage[1] and that a dismissal, rather than a transfer of venue, was the appropriate remedy for Green's improper filing.[2]

In denying NSB's motion for costs and fees, the superior court in Anchorage indicated that the issue of NSB's prevailing party costs and fees could be taken up after disposition of the appeal in Barrow. Implicit in this approach is the view that the Anchorage and Barrow appeals amounted to a single proceeding—that dismissal without prejudice was a de facto transfer of venue. This view is incorrect as a matter of law. The March 17 order dismissing Green's appeal without prejudice terminated the appeal in Anchor-

---

1. We express no view as to whether Alaska Civil Rule 3 and AS 22.10.040 generally apply for purposes of determining the proper venue for commencement of an administrative appeal.

2. *See Ko–Am Enters. v. Davis*, 657 P.2d 399, 400 (Alaska 1983) (indicating that transfer of venue, rather than dismissal, is ordinarily the preferred remedy).

age and was a final order.[3] Because the order was dispositive, it triggered the provisions of Appellate Rule 508, which govern the award of costs and fees on appeal.[4] The superior court's denial of NSB's motion for costs and fees amounted to a final judgment in favor of NSB on the merits and against NSB on the issue of costs and fees.[5]

Since the dismissal of Green's appeal in Anchorage terminated the Anchorage appeal and made it necessary for Green to institute a new appeal in Barrow, the superior court erred in concluding that the issue of costs and fees could be deferred for consideration by the Barrow court upon disposition of the Barrow appeal.[6]

■ NSB relies on *McClellan v. Kenai Peninsula Borough*[7] for the proposition that it had a right to receive full fees and costs for prevailing against Green on the issue of venue. But *McClellan* is distinguishable. There, the superior court had ruled on the merits of a dispositive motion after improperly assuming venue. On appeal, this court indicated that "[t]o help protect defendants from having their right to proper venue denied, a motion for costs for having to make a change of venue motion is proper."[8] Here, by contrast, the appeal in Anchorage was dismissed without consideration of the merits of the controversy. Thus, NSB was never in the position of "having [its] right to proper venue denied...."[9]

Moreover, unlike the present case, *McClellan* was not an administrative appeal. Its holding does not directly apply here, because with respect to administrative appeals, prevailing party costs and fees are specifically governed by Appellate Rule 508, which vests appellate courts with broad discretion.[10]

■ Although the superior court ordinarily need not articulate its reasons for awarding attorney's fees on appeal, it is required to explain denials in cases involving affirmances or reversals under Appellate Rule 508(b) or (c), because without an explanation this court cannot be sure "whether [a] denial was an exercise of ... discretion, or the result of a possibly mistaken belief that the requesting

3. *See* 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3827, at 277–78 (2d ed. 1986) ("If the court dismisses the action [for lack of venue] this is of course a final judgment and appealable as such."). *Cf. Stahlman v. State*, 856 P.2d 1162, 1165 (Alaska 1993) (noting that, where a "dismissal without prejudice" effectively imposes legal prejudice on the plaintiff, the dismissal is appealable).

4. *See* Appellate Rule 508(a), (e), and (f) (implying that award of appellate costs and fees coincides with final disposition of the appeal). *Cf. Ko–Am Enters.*, 657 P.2d at 401 n. 2 (stating that where the superior court dismisses an appeal rather than transferring venue, an award of costs "may be appropriate").

5. *See Aleut Corp. v. Rogers*, 619 P.2d 472, 473 (Alaska 1980) (per curiam) (dismissal without prejudice is final appealable judgment); *see also* AS 22.05.010(c) ("A decision of the superior court on an appeal from an administrative agency decision may be appealed to the supreme court as a matter of right."); Alaska R.App. P. 204(a)(5)(a) ("If no appeal or cross-appeal is pending, the allowance of costs and attorney's fees ... shall be considered a final judgment subject to separate appeal limited to the subject of costs, attorney's fees....").

6. Had NSB failed to appeal the Anchorage superior court's March 17 order denying fees and costs, the order would no longer have been subject to challenge and would have been binding on the court in Barrow. Moreover, the Barrow court would have had no basis for awarding fees and costs for activities in the Anchorage case, because it would have no record basis upon which to act.

7. 565 P.2d 175 (Alaska 1977).

8. *Id.* at 179.

9. *Id.*

10. *See Stalnaker v. Williams*, 960 P.2d 590, 597 (Alaska 1998) (superior court hearing appeal from administrative agency awards attorney's fees under appellate rule instead of rule of civil procedure); *Cook Inlet Pipe Line Co. v. Alaska Pub. Utils. Comm'n*, 836 P.2d 343, 348 (Alaska 1992) (stating that review of award of attorney's fees is limited to abuse of discretion); *Rosen v. State Bd. of Pub. Accountancy*, 689 P.2d 478, 481–82 n. 6 (Alaska 1984) (per curiam) (noting that awards under Alaska Appellate Rule 508(e) are within superior court's discretion). We note, however, that Appellate Rule 508(a) limits the court's discretion to award costs in cases of dismissal: "If an appeal is dismissed or petition denied by the appellate court, costs shall not be allowed to the appellee or respondent, unless otherwise ordered by the court."

party was not entitled to any fees." [11] Further, in such cases, fees are the norm and "shall be allowed" "unless ordered by the court."

In contrast, this case is governed by Appellate Rule 508(a), under which the norm is not to award fees "unless otherwise ordered." Since the court did not deviate from the norm, ordinarily no explanation would be required. However, under the circumstances of this case, we believe that a remand and an explanation is warranted because it appears that the superior court misapprehended the law. Here, the superior court's denial of costs and fees was prompted to a certain extent by its mistaken belief that the issue could be deferred pending completion of the appeal in Barrow. The only other stated reason for denial was that the issue of venue presented "a fairly close jurisdictional question," and that "there was no vexatious action by either party." These factors are relevant to the issue of whether Green's choice of an improper venue should have been cured by transferring venue rather than dismissing the Anchorage appeal without prejudice.[12] But these factors have only limited bearing on the issue of whether NSB should have been awarded fees or costs. Appellate Rule 508 does not purport to restrict fees and costs to cases involving vexatious litigation or meritless claims.

## IV. CONCLUSION

Because the superior court applied an incorrect standard, we VACATE its order denying costs and fees to NSB, and we REMAND for reconsideration of NSB's motion under Appellate Rule 508(a), (d) and (e). If the court again denies NSB's motion, it should fully explain its decision.[13]

---

11. See Rosen, 689 P.2d at 480 (quoting Conway, Inc. v. Ross, 627 P.2d 1029, 1032 (Alaska 1981)).

12. Cf. Ko–Am Enters. v. Davis, 657 P.2d at 400 (noting that dismissal may be appropriate if litigant acted in bad faith).

13. In light of our decision vacating and remanding the superior court's costs and fees order, we find no merit in Green's reciprocal request for costs and attorney's fees for defending this appeal.