**Bennita ROWLAND, n/k/a Bennita Agnot, Appellant,**

v.

**Roland E. MONSEN, Appellee.**

No. S–11603.

Supreme Court of Alaska.

May 19, 2006.

Allison E. Mendel, Mendel & Associates, Anchorage, for Appellant.

Kenneth C. Kirk, Kenneth Kirk & Associates, Anchorage, for Appellee.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

MATTHEWS, Justice.

## I. INTRODUCTION

After a protracted custody dispute, Roland Monsen successfully moved for an award of attorney's fees against Bennita Rowland under AS 25.20.115. Rowland then sought to have the award set aside as void under Alaska Civil Rule 60(b)(4). She also challenged the award under Civil Rule 60(b)(6) urging that "extraordinary circumstances" warranted relief. The superior court rejected her Rule 60(b) challenges and Rowland now appeals, reiterating her arguments below. She further appeals the award on the merits. We affirm on all points because the order for attorney's fees is not void and Rowland's remaining contentions are untimely.

## II. FACTS AND PROCEEDINGS

Bennita Rowland and Roland Monsen, who never married, have two children. After their relationship ended, they made an agreement that gave Monsen custody of the children and Rowland visitation rights. Several years later, Rowland petitioned for a protective order against Monsen on behalf of the children. The petition alleged that Monsen sexually abused the children. The superior court treated the matter as a motion to modify custody. The court returned the children, who had been in the interim custody of their paternal grandmother, to Monsen's custody after finding that Rowland failed to prove any abuse.

Monsen then moved for an award of attorney's fees pursuant to AS 25.20.115. He claimed the award to be justified on the grounds that "the lack of good faith on [Rowland's] part substantially outweigh[ed] the financial circumstances of the parties." More specifically, Monsen charged Rowland with pressuring the children to make false allegations of abuse. The motion did not mention the specific financial position of either party. Rowland properly served her opposition to the motion for attorney's fees on Monsen, but failed to file the pleading with the court. The superior court ordered Rowland to pay the full amount requested, $8,940, on August 15, 2000. The order included an explicit finding that Rowland "ha[d] not acted in good faith in this litigation." Rowland then moved the court to reconsider its order, complaining about the fact that her opposition never reached the

court. The motion for reconsideration was denied.

On May 13, 2004, Monsen moved to reduce the unsatisfied order for attorney's fees to judgment. Rowland filed a cross-motion for relief pursuant to Civil Rule 60(b). She argued under Rule 60(b)(4) that the order was void and under Rule 60(b)(6) that extraordinary circumstances warranted relief. Monsen opposed the cross-motion on the merits and challenged it as untimely, noting that it was filed nearly four years after distribution of the underlying order for attorney's fees. The superior court denied Rowland's motion to set aside the order awarding attorney's fees as untimely and granted Monsen's motion to reduce that order to judgement.

## III. DISCUSSION

Rowland appeals the superior court's denial of her Civil Rule 60(b) motion as well as the underlying order for attorney's fees.

### A. Civil Rule 60(b)(4)

According to Rowland, she is entitled to relief under Rule 60(b)(4) because the order awarding Monsen attorney's fees is void for four reasons. She claims that Monsen's motion for attorney's fees was not timely filed; that the superior court did not make adequate findings of fact; that the court did not validly exercise its power; and that she was not given notice and an opportunity to be heard.

Rule 60(b)(4) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void."[1] A judgment or order is void

> where the state in which the judgment was rendered had no jurisdiction to subject the

parties or the subject matter to its control, or where the defendant was not given proper notice of the action and opportunity to be heard, or where the judgment was not rendered by a duly constituted court with competency to render it, or where there was a failure to comply with such requirements as are necessary for the valid exercise of power by the court.[2]

In reviewing the denial of a Rule 60(b)(4) motion, this court does not defer to the discretion of the trial court: "[N]o question of the lower court's discretion is presented by a Rule 60(b)(4) motion because the validity of a judgment is strictly a question of law." [3]

■ Rowland's arguments regarding the timeliness of the motion and the factual findings accompanying the order are without merit. Assuming the motion was late, and the order was not supported by adequate findings, the order would still not be void under Rule 60(b). The untimeliness of a motion or the inadequacy of findings are not fundamental flaws that would make an order void.[4]

■ Rowland relies on AS 25.20.115 to support her argument that the superior court lacked the power to order her to pay Monsen's attorney's fees. That statute provides that "[i]n an action to modify, vacate, or enforce that part of an order providing for custody of a child or visitation with a child, the court may, upon request of a party, award attorney fees and costs of the action." [5] According to Rowland, the court could not validly award fees under AS 25.20.115 because "no motion had been made to modify, vacate, or enforce custody or visitation." She thus reads into the statute's prerequisite that there be an "action to modify, vacate, or enforce" an order, a further requirement that a motion be filed before such an action can exist.

---

1. Alaska R. Civ. P. 60(b)(4).

2. *Burrell v. Burrell*, 696 P.2d 157, 163 n. 11 (Alaska 1984) (quoting *Holt v. Powell*, 420 P.2d 468, 471 (Alaska 1966)).

3. *Kennecorp Mortg. & Equities, Inc. v. First Nat'l Bank of Fairbanks*, 685 P.2d 1232, 1236 (Alaska 1984) (quoting *Aguchak v. Montgomery Ward Co.*,

520 P.2d 1352, 1354 (Alaska 1974)) (alteration in original).

4. *See Burrell*, 696 P.2d at 163 & n. 11 (void order is one issued by a court without jurisdiction or authority and Rule 60(b) is not a substitute for a timely appeal).

5. AS 25.20.115.

Assuming, arguendo, that Monsen's failure to comply with a requirement that he file a motion would render an award under AS 25.20.115 void under Rule 60(b)(4), Rowland's claim that an AS 25.20.115 action requires a motion is not accurate. The applicability of AS 25.20.115 depends, instead, on the nature of the underlying proceeding.[6]

In *B.J. v. J.D.*, we concluded that AS 25.20.115 may apply notwithstanding the fact that no motion to modify, vacate, or enforce was ever filed in the underlying proceeding.[7] In that case, J.D. believed that he was the father of V.J., and brought an action to gain custody of V.J.[8] When a paternity test showed that J.D. was not the father, the court dismissed his complaint and awarded custody to B.J.[9] Several years later, J.D. filed a new complaint seeking custody of V.J. B.J. ultimately moved for an award of attorney's fees in the new action and a dispute arose as to whether AS 25.20.115 or the so-called "divorce exception" to Civil Rule 82 set the standard for an award.[10] J.D. never filed a motion to modify, vacate, or enforce custody. Nevertheless, AS 25.20.115 governed J.D.'s efforts because his new complaint "attempted to modify the substance of the court's earlier custody order and the status quo."[11] Put simply, the applicability of AS 25.20.115 is determined by the potential effect of a proceeding, not the procedure that gave rise to the proceeding.

Here too, it is the substance of the proceeding that matters. The effect of the protective order sought by Rowland, if granted, would be to withhold custody of the children from Monsen. As a result the custodial status quo—Monsen's custody of the children—would be altered, and AS 25.20.115 therefore governs Rowland's efforts.[12] This remains true despite Rowland's pronouncement to the superior court that she was not seeking a modification of child custody. While she may not have been seeking a modification in name, she was, in effect, trying to alter the status quo. For these reasons, AS 25.20.115 applies and Rowland's claim to the contrary fails.

■ Rowland also argues that the attorney's fees order is void because she "did not receive due process of law because she had no opportunity properly to oppose the motion." An order is void if the court that entered the order "acted in a manner inconsistent with due process of law."[13] At the core of due process is an "opportunity to be heard and the right to adequately represent one's interests."[14] According to Rowland, her attorney's failure to file an opposition deprived her of an opportunity to be heard.

■ Rowland received notice of Monsen's motion for attorney's fees and had an opportunity to be heard. Monsen served Rowland's attorney with the motion on May 13, 2000. Her attorney's knowledge of the proceeding is imputed to Rowland.[15] The superior court also granted Rowland extra time to respond to the motion. She therefore had an opportunity to respond. Rowland's failure to file an opposition to Monsen's motion for attorney's fees does not render the resulting order void.

Additionally, Rowland's due process claims only reiterate the argument she made in her August 2000 motion to reconsider. She therefore knew of these potential grounds for relief at the time the underlying order issued. Her appropriate course would have been to appeal the merits of the order at that

---

6.  See *B.J. v. J.D.*, 950 P.2d 113, 119 (Alaska 1997).

7.  *Id.*

8.  *Id.* at 114.

9.  *Id.*

10.  *Id.* at 115, 119.

11.  *Id.* at 119.

12.  See *id.*

13.  *State, Dep't of Revenue, Child Support Enforcement Div. v. Maxwell*, 6 P.3d 733, 736 (Alaska 2000).

14.  *State, Dep't of Natural Res. v. Greenpeace, Inc.*, 96 P.3d 1056, 1063–64 (Alaska 2004) (quoting *Matanuska Maid, Inc. v. State*, 620 P.2d 182, 192–93 (Alaska 1980)).

15.  *Mead v. State*, 445 P.2d 229, 231–32 (Alaska 1968) (attorney's knowledge of trial date imputed to client).

time. As Rule 60(b) is neither a substitute for an appeal nor a device for obtaining an extension of time for filing an appeal,[16] Rowland waived her right to seek Rule 60(b) relief on these claims.

## B. Civil Rule 60(b)(6)

▮ Rowland challenges the superior court's ruling that her Rule 60(b)(6) motion was untimely. A party must move for relief under subsection (6) within a "reasonable time."[17] "What constitutes reasonable time necessarily depends on the facts in each case. Courts consider whether the party opposing the motion has been prejudiced by the delay in seeking relief and whether the moving party had some good reason for failing to act sooner."[18] We review orders denying relief under Rule 60(b)(6) for an abuse of discretion.[19] An abuse of discretion is typically found only when the court is "left with a definite and firm conviction, after reviewing the whole record, that the trial court erred in its ruling."[20]

▮ Here, Rowland filed her Rule 60(b)(6) motion approximately three years and nine months after the court ordered her to pay Monsen's attorney's fees. She offers no explanation for the delay and none appears in the record. Monsen, on the other hand, fails to illustrate how he may have been prejudiced by the nearly four-year delay. Indeed, he waited that long to reduce the order to judgment and thereby to recover. Neither the record nor Monsen's brief evidences how he detrimentally relied on the validity of the

order during the time between its issuance and Rowland's Rule 60(b)(6) motion. On these facts, then, a balancing of these factors favors neither party. Yet because nothing indicates a good reason for Rowland's failure to move for relief sooner, there is nothing on which to base a definitive and firm conviction that the trial court erred.[21] We therefore decline Rowland's invitation to disturb the superior court's ruling on this point.

To support her argument that the court abused its discretion, Rowland points to three cases—*Schofield v. Schofield*,[22] *Juelfs v. Gough*,[23] and *Lowe v. Lowe*.[24] In each, she claims, this court concluded that a delay longer than hers was reasonable. *Schofield* and *Juelfs* each involved the use of Rule 60(b)(6) to modify a dissolution decree. In *Schofield* six years passed between the decree and the modification,[25] and in *Juelfs* approximately seven years had passed.[26] We concluded in these cases that the trial court did not abuse its discretion by finding the delay reasonable. However, in each case, the parties sought a modification only after fundamental assumptions underlying their decrees changed.[27] The delays were due to the fact that the justifications for modification did not arise until six and seven years after the respective decree. Here Rowland points to no changed circumstances that justify a nearly four-year delay. For this reason, her reliance on *Schofield* and *Juelfs* is misplaced.

Rowland's reliance on *Lowe* is similarly off the mark. There, the trial court made no

---

16. *See, e.g., Burrell*, 696 P.2d at 163 (Rule 60 is not a substitute for a timely appeal); *Allen v. Bussell*, 558 P.2d 496, 502 (Alaska 1976) (Rule 60 not meant to be an alternative to the proper litigation of a case).

17. Alaska R. Civ. P. 60(b).

18. *Harris v. Westfall*, 90 P.3d 167, 173 (Alaska 2004) (footnote omitted).

19. *Id.* at 172.

20. *Buster v. Gale*, 866 P.2d 837, 841 n. 9 (Alaska 1994) (quoting *Peter Pan Seafoods, Inc. v. Stepanoff*, 650 P.2d 375, 378–79 (Alaska 1982)).

21. *See Sandoval v. Sandoval*, 915 P.2d 1222, 1224 (Alaska 1996) (declining to find an abuse of discretion in the trial court's conclusion that

delay was unreasonable where no reasons for the delay were provided); *cf. Harris*, 90 P.3d at 173 (good reasons for delay in the absence of prejudice to the non-moving party showed that trial court abused its discretion in holding that five-month delay was unreasonable).

22. 777 P.2d 197 (Alaska 1989).

23. 41 P.3d 593 (Alaska 2002).

24. 817 P.2d 453 (Alaska 1991).

25. *Schofield*, 777 P.2d at 202.

26. *Juelfs*, 41 P.3d at 594–95.

27. *Schofield*, 777 P.2d at 201; *Juelfs*, 41 P.3d at 597.

reference to the reasonableness of a four and a half-year delay.[28] On review, we noted that such a delay was not unreasonable as a matter of law and remanded the case for further factual findings on the issue.[29] In the present case the reasonableness question is also a factual one; but it is one which appears to have been properly dealt with by the superior court. Therefore, the fact that a four and a half-year delay is not per se unreasonable is of no help to Rowland.

### C. Rowland's Appeal of the Underlying Order for Attorney's Fees

To the extent that Rowland also challenges the superior court's August 2000 order to pay attorney's fees, her appeal cannot be considered timely. Alaska Appellate Rule 204(a)(1) requires a notice of appeal to "be filed within 30 days from the date shown in the clerk's certificate of distribution on the judgment appealed from...." Here we consider the order a judgment for these purposes because it effectively disposed of all matters before the superior court.[30] Rowland filed her notice of appeal on August 11, 2004—some four years after the distribution of the order. Her appeal from the order is therefore well beyond the time allotted under Appellate Rule 204(a)(1).

## IV. CONCLUSION

The judgment of the superior court is AFFIRMED.

**28.** *Lowe,* 817 P.2d at 459.

**29.** *Id.*

**30.** *See D.L.M. v. M.W.,* 941 P.2d 900, 902 (Alaska 1997) (order that effects the final disposition of a case starts the clock for post-trial actions); *North Slope Borough, Dep't of Admin. & Fin., Tax Audit*

*Div. v. Green Int'l, Inc.,* 969 P.2d 1161, 1163 (Alaska 1999) (quoting Appellate Rule 204(a)(5)(A) ("If no appeal or cross-appeal is pending, the allowance of costs and attorney's fees ... shall be considered a final judgment subject to separate appeal limited to the subject of costs [and] attorney's fees.")).