**Marvin CRISP, Appellant,**

v.

**KENAI PENINSULA BOROUGH SCHOOL DISTRICT and Kenai Peninsula Borough, Appellees.**

**No. 3318.**

Supreme Court of Alaska.

Dec. 22, 1978.

John R. Strachan, Anchorage, for appellant.

Allen McGrath, Graham & James, Anchorage, for appellees.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR, BURKE and MATTHEWS, JJ.

BURKE, Justice.

In this case, the court must decide whether attorney's fees may be assessed against a public school teacher whose dismissal from employment is upheld by the superior court after a hearing to determine if the dismissal was justified.

Appellant Marvin Crisp had been employed for nearly ten years as a music teacher by the Kenai Peninsula Borough School District when, in March of 1975, he was notified in a letter from the chief school administrator that he would not be offered a teaching contract for the next school year. The letter indicated that the decision not to renew the contract was based on a determination that Crisp's performance as a music teacher had been unsatisfactory and included an extensive list of reasons in support of that conclusion. In addition, the letter stated: "The [School] Board approved this action at its meeting on March 3, 1975."

Crisp, who was a tenured teacher,[1] thereafter sought a hearing before the school board for purposes of contesting his dismissal.[2] The hearing was held on May 5, 1975, with both Crisp and his attorney in attendance. After hearing the sworn testimony of nineteen witnesses and considering five written evaluations of Crisp's professional competence, the school board voted to uphold its prior decision not to renew his contract.

In accordance with AS 14.20.205,[3] Crisp then filed a complaint in the superior court alleging that his termination was wrongful and requesting relief in the form of reinstatement and compensatory damages. the case subsequently went to trial and, after three weeks of proceedings, concluded with a decision by the trial judge to uphold Crisp's dismissal. Counsel for the school district then filed a motion for an award of attorney's fees, pursuant to Rule 82, Alaska R.Civ.P., claiming that fees totaling $53,-851.06 had been incurred in defense of the suit. Appellant Crisp filed opposition to the motion and thereafter the trial court heard oral arguments on the matter by both parties. As a result, Crisp was ordered to pay $9,000.00 to the school district as partial compensation for its legal expenses. Appellant then appealed to this court for relief, challenging only the award of attorney's fees in the court below.

In Alaska, awards of attorney's fees to the prevailing party in civil litigation, apart from eminent domain proceedings,[4] are authorized by Rule 82, Alaska R.Civ.P.[5] Given Crisp's statutorily guaranteed right to contest his dismissal in the courts, we think it would be manifestly unreasonable to penalize the exercise of that right by allowing an award of *any* attorney's fees to the school district.[6] Accordingly, we hold that the superior court abused its discretion in awarding attorney's fees to appellee Kenai Peninsula Borough School District and that

1. Requirements for the acquisition of tenure rights by public school teachers in Alaska are specified in AS 14.20.150.

2. AS 14.20.180 provides:

   *Procedure and hearing upon notice of dismissal or nonretention.* (a) An employer shall include in a notification of dismissal of a teacher who has not acquired tenure rights, or of nonretention or dismissal of a tenure teacher, a statement of cause and a complete bill of particulars.

   (b) The tenure teacher may, within 15 days immediately following receipt of the notification, notify the employer in writing that he requests a hearing before the school board. The tenure teacher may require in the notification that

   (1) the hearing be either public or private,
   (2) the hearing be under oath or affirmation,
   (3) he have the right of cross-examination,
   (4) he be represented by counsel,
   (5) he have the right to subpoena a person who has made allegations which are used as a basis for the decision of the employer.

   (c) Upon receipt of the notification requesting a hearing, the employer shall immediately arrange for a hearing, and shall notify the tenure teacher or administrator in writing of the date, time, and place of the hearing. A written transcript, tape, or similar recording of the proceedings shall be kept. Transcribed copies shall be furnished to the tenure teacher for cost upon his request. A final decision of the school board requires a majority vote of the membership. The vote shall be by roll call. The final decision shall be written and contain specific findings of fact and conclusions of law. A written notification of the decision shall be furnished to the tenure teacher within 10 days of the date of the decision.

3. AS 14.20.205 states:

   *Judicial review.* If a school board reaches a decision unfavorable to a teacher, the teacher is entitled to a de novo trial in the superior court. However, a teacher who has not attained tenure rights is not entitled to judicial review according to this section.

4. Awards of costs and attorney's fees in eminent domain proceedings are specially controlled by Rule 72, Alaska R.Civ.P.

5. Rule 82 was established by this court pursuant to a legislative delegation of authority found in AS 09.60.010. That section provides:

   *Costs allowed prevailing party.* Except as otherwise provided by statute, the supreme court shall determine by rule or order what costs, if any, including attorney fees, shall be allowed the prevailing party in any case.

6. In the event of a frivolous appeal or one taken merely for the purpose of delay, the allowance of an attorney's fee against the teacher would be proper. There is no such contention in this case.

its order providing for such an award must be, and is, reversed.[7]

REVERSED and REMANDED for entry of an amended judgment conforming to the holding of this opinion.

---

7. In reaching our conclusion we are influenced by the fact that decisions by both the United States Supreme Court and this court make it clear that a tenured teacher has an expectation of continued employment that is in the nature of a property interest and must, therefore, be afforded certain elemental due process rights before being deprived of that interest. *See Perry v. Sindermann*, 408 U.S. 593, 601–03, 92 S.Ct. 2694, 33 L.Ed.2d 570, 580 (1972); *Nichols v. Eckert*, 504 P.2d 1359, 1364 (Alaska 1973). Not only is the teacher's right to a particular position involved in such cases, but also his or her professional reputation and the opportunity for employment thereafter. *Nichols v. Eckert*, 504 P.2d at 1363. Obviously recognizing the gravity of such proceedings, the legislature has enacted specific provisions guaranteeing tenured teachers judicial review of any order of dismissal. Under the circumstances, we are unwilling to extend the application of Civil Rule 82 to allow an award of attorney's fees against a teacher whose dismissal is affirmed. If some lesser interest were involved, our conclusion might be different.