Edward Joel ROSEN, CPA., Appellant,

v.

STATE BOARD OF PUBLIC ACCOUNTANCY and Division of Occupational Licensing, Appellees.

No. S–94.

Supreme Court of Alaska.

Oct. 5, 1984.

A. Lee Petersen, A. Lee Petersen, Inc., Anchorage, for appellant.

Richard D. Monkman, Asst. Atty. Gen., Anchorage, Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BURKE, C.J., and RABINOW-ITZ, MATTHEWS and COMPTON, JJ.

## OPINION

PER CURIAM.

This is an appeal from an award of attorney's fees made by Judge (now Justice) Moore in a superior court appeal of an order of the State Board of Public Accountancy. That order, which revoked Mr. Rosen's license to practice in this state as a certified public accountant, was upheld by the superior court. Most of the allegations Rosen makes in his appeal to this court can be dealt with very briefly.[1]

■ Rosen maintains that it is impossible to tell from the superior court's order whether the award of fees in this case was made pursuant to Appellate Rule 508 or Civil Rule 82. Thus, he argues, the award must be vacated and remanded to the superior court. This allegation is baseless. The State's Motion for Attorney's Fees clearly cites Appellate Rule 508 [2] as authority for its request for fees, and the court's order granting the State's motion, which appears on the very same document, cannot reasonably be construed as based on any other authority.[3]

■ Rosen also argues that a court should articulate the reasoning for awards made pursuant to Appellate Rule 508(e) as otherwise there is no means of determining whether an abuse of discretion had occurred. This court, however, has never required an appellate court to give its reasons for awarding attorney's fees, but only its reasons for denying them. We have not needed an explanation to determine whether an award of attorney's fees is an abuse of discretion; we have required denials to

be explained because without explanation we cannot be sure "whether [a] denial was an exercise of ... discretion, or the result of a possibly mistaken belief that the requesting party was not entitled to any fees." *Conway, Inc. v. Ross*, 627 P.2d 1029, 1032 (Alaska 1981). Thus, we decline to accept Rosen's suggestion that we should extend the requirement to awards of fees under Appellate Rule 508.

■ Rosen further argues that the State violated Appellate Rule 508's requirement that "[t]he bill of costs ... shall not include attorney's fees unless the party is directed to do so by the clerk." Appellate Rule 508(f)(1). The State did not include attorney's fees in its bill of costs, however, but requested them by separate motion. There is nothing improper in this procedure.

■ Rosen next argues that no award of attorney's fees should be made against him because he meets the requirements for a public interest litigant. In *Sisters of Providence v. Department of Health & Social Services*, 648 P.2d 970 (Alaska 1982), we discussed factors for determining whether a case qualified as public interest litigation. Those factors include (1) the effectuation of strong public policy, (2) the fact that numerous people would benefit from the litigation, (3) the fact that only a private party could have been expected to bring the action, and (4) the lack of economic incentives to bring the suit in the absence of important public issues. *Id.* at 979–80. Since Rosen's job was at stake, he clearly had "sufficient economic incentive to bring the lawsuit" whether or not it involved issues of public importance, and thus could not satisfy the fourth prong of the test. *Acevedo v. City of North Pole*, 672 P.2d 130, 137 (Alaska 1983); *Storrs v. State Medical*

---

1. Neither party questions the reasonableness of the amount of attorney's fees awarded.

2. Appellate Rule 508(e) provides:
   Where costs are allowed in the appellate court, attorney's fees may also be allowed in an amount to be determined by the court. If the court determines that an appeal or cross-appeal is frivolous or that it has been brought simply for the purposes of delay, actual attor-

ney's fees may be awarded to the appellee or cross-appellee.

3. The parties agree, correctly, that Rule 508 is the appropriate authority for an award of fees in an appeal from an administrative decision. *McDaniel v. Cory*, 631 P.2d 82, 90 (Alaska 1981); *Kodiak Western Alaska Airlines v. Bob Harris Flying Service*, 592 P.2d 1200, 1204–05 (Alaska 1979).

*Board,* 664 P.2d 547, 550 (Alaska 1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 346, 78 L.Ed.2d 312 (1983).

Rosen's final contention is that he should not be required to pay attorney's fees pursuant to this court's reasoning in *Crisp v. Kenai Peninsula Borough School District,* 587 P.2d 1168 (Alaska 1978). There we held that it was an abuse of discretion for the superior court to award attorney's fees to a school district in a *de novo* proceeding concerning a tenured teacher's nonretention.

We stated that it would be "manifestly unreasonable" to penalize Crisp's "statutorily guaranteed right to contest his dismissal in the courts" by allowing an award of attorney's fees against him. *Id.* at 1169.[4] In reaching this conclusion we noted that we were influenced by the facts that "a tenured teacher has an expectation of continued employment that is in the nature of a property interest," that the teacher's professional reputation and future opportunities for employment were involved, and that the legislature had recognized the significance of these rights by enacting "specific provisions guaranteeing tenured teachers judicial review ...." *Id.* at 1170 n. 7. We also noted that if a lesser interest had been involved we might have approved an award of attorney's fees. *Id.*

In two subsequent cases citing *Crisp,* we did permit awards of attorney's fees. *Rouse v. Anchorage School District,* 613 P.2d 263 (Alaska 1980), involved a dispute over salary benefits between a school district and two teachers. We distinguished *Crisp* by noting that "[s]alary benefits are not specifically protected by a statutory right to judicial review, and the three percent increase in salary sought here does not compare with the right to employment itself." *Id.* at 267.

*Sjong v. State,* 622 P.2d 967 (Alaska 1981) *appeal dismissed,* 454 U.S. 1131, 102

S.Ct. 986, 71 L.Ed.2d 284 (1982), concerned a nonresident fisherman who challenged Alaska's authority to tax his net income. He argued that, "[b]ecause he had a statutory right to appeal the decision of the taxing authority to the superior court," it was an abuse of discretion under *Crisp* to permit attorney's fees to be awarded against him. *Id.* at 978 (footnote omitted). We stated that "[u]pon further reflection we realize that our statement in *Crisp* may be subject to misinterpretation." *Id.* We went on to explain that in *Crisp* "we were influenced by the importance of the right being asserted" because "Crisp's entire future was at stake, due to the damage likely to be done to his professional reputation ...." *Id.* at 978–79. We noted further that "[t]here are a multitude of administrative decisions, ... including the one in the case at bar, having consequences far less significant. Many of these decisions are appealable to the courts. As to these, the rule announced in *Crisp* does not apply." *Id.* at 979.

■■■ Most recently, we cited *Crisp* as authority for refusing to award attorney's fees against a parent who unsuccessfully attempted to revoke her consent to an adoption. *S.O. v. W.S.,* 643 P.2d 997 (Alaska 1982).[5] Of *Crisp,* we said, "[s]ubsequent decisions have made clear that our decision in that case was premised on the importance of the right being asserted; namely, continued employment." *Id.* at 1007 (citations omitted). We then concluded that an individual's interest in obtaining the return of her child is "equally as deserving of protection from the burden of ... attorney's fees as [the interest] protected in *Crisp.*" *Id.*

We have reviewed *Crisp,* and are now of the view that its result, unsupported as it is by substantial reasons, is contrary to the spirit of Appellate Rule 508(e).[6] The rule

---

**4.** Similar reasoning was employed to deny Civil Rule 82 attorney's fees to the state in *Matanuska Maid, Inc. v. State,* 620 P.2d 182, 193 (Alaska 1980).

**5.** It is interesting to note that, of the three cases citing *Crisp* on the propriety of awarding attorney's fees, *Sjong* is the only one that involved an appeal from an administrative decision.

**6.** Appellate Rule 508(e) requires that a court be

announced in *Crisp* has been difficult in application, and subsequent explanations have only added to the apparent, and understandable, confusion the rule had engendered. The state argues that *Crisp* is applicable only where a *de novo* hearing is guaranteed by statute. While this appears to be the most common—and, indeed, perhaps the most practicable—interpretation of *Crisp*, we believe that it leads ultimately to confusing and anomalous results. Insofar as *Crisp* purports to establish a rule of law applicable to all cases where there exists the right or opportunity for a *de novo* review of an administrative proceeding, or where an important right is being asserted, we feel compelled to overrule it.

Persons aggrieved by the decision of an administrative tribunal have the right to judicial review. AS 44.62.560; Appellate Rule 602. The scope of review may be limited to the record, AS 44.62.570(a), or may be *de novo*. AS 44.62.570(d); Appellate Rule 609. *See also State v. Lundgren Pacific Construction Co., Inc.,* 603 P.2d 889, 893–96 (Alaska 1979). Some specific statutes, such as that at issue in *Crisp*, grant *de novo* review. *See, e.g.,* AS 14.20.-205; AS 29.53.140(f). However, proceedings are still governed by the appellate rules. *Lundgren,* 603 P.2d at 894.

We can discern no justifiable reason for discriminating between different classes of persons aggrieved by the decision of an administrative tribunal merely on the basis of whether judicial review is *de novo*, on the record, or a mixture of both. We are no longer persuaded that the legislature, by granting some persons the right to *de novo* review, intended that they be insulated from responsibility for Appellate Rule 508(e) attorney's fees if judicial review does not result in judgment in their favor.[7]

In attempting to explain *Crisp*, we have alluded to the importance of the right being

asserted as the true basis for the result. *See S.O. v. W.S.,* 643 P.2d at 1007. Again, this factor should not alone control whether the non-prevailing party in an administrative appeal is responsible for Appellate Rule 508(e) attorney's fees. The importance of the right asserted is frequently very subjective, and it does not lend itself to quantification in absolute terms.

Although Rosen's right to practice public accountancy was at issue, he was not afforded a statutory right to *de novo* judicial review. Yet it can scarcely be doubted that the importance of the right asserted by Rosen was of an order of magnitude similar to that of Crisp, who was seeking to maintain a particular job. Crisp, however, was afforded a statutory right to *de novo* judicial review. Likewise, a person contesting actions of a board of equalization has a statutory right to *de novo* judicial review, although the importance of that person's asserted right may be of low order, particularly compared to the rights asserted by Crisp and Rosen.

These anomalies should not dictate the result in proceedings pursuant to Appellate Rule 508(e). Overruling the absolute approach taken in *Crisp*, rather than attempting to further explain it, is the appropriate way to insure that the award of attorney's fees is not based solely on a single arbitrary criterion.

■ Application of Appellate Rule 508(e) is and should remain a matter committed to the sound discretion of our trial courts, when sitting as intermediate appellate tribunals. The extent to which litigants have been involved in prior administrative proceedings, and the cost thereof, as well as the nature of judicial review and its cost, are factors which a trial court may wish to consider in determining the application of Appellate Rule 508(e). Likewise, the im-

---

given discretion to award attorney's fees, or not to award them, as dictated by individual circumstances. *Kodiak Western Alaska Airlines, Inc. v. Bob Harris Flying Service, Inc.,* 592 P.2d 1200, 1205 (Alaska 1979). As we noted in *Conway v. Ross,* 627 P.2d 1029, 1032 (Alaska 1981), "[E]ven though one party emerges as a clear

victor from an appeal, there is no requirement that fees be awarded as a matter of course."

7. *See Matanuska Maid, Inc. v. State,* 620 P.2d 182, 193 (Alaska 1980) (Matthews, J., dissenting).

portance to the litigants of rights asserted is a factor to be considered. However, these factors should not be considered standing alone, but are to be considered along with other factors in determining the applicability of Appellate Rule 508(e) to a given case.

We have reviewed the record, and find no abuse of discretion in the trial court's award of attorney's fees to the state.

AFFIRMED.

MOORE, J., not participating.