NOTICE

*Memorandum decisions of this court do not create legal precedent.  A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| KAREN E. ELLINGSTAD and FRED W. TRIEM, | ) ) ) | |
| Appellants, | ) ) | Supreme Court No. S-16060 |
| | ) | Superior Court No. 1PE-14-00001 CI |
| v. | ) ) | |
| PETERSBURG BOROUGH, | ) ) | MEMORANDUM OPINION AND JUDGMENT* |
| Appellee. | ) ) ) | No. 1631 – May 31, 2017 |

Appeal from the Superior Court of the State of Alaska, First Judicial District, Petersburg, Philip M. Pallenberg, Judge.

Appearances:  Fred W. Triem, Petersburg, for Appellants. James T. Brennan, Brennan & Heideman, Anchorage, for Appellee.

Before:  Stowers, Chief Justice, Winfree, Maassen, Bolger, and Carney, Justices.

## I.    INTRODUCTION

This appeal arises from a decision issued by the superior court sitting as an intermediate appellate court in an administrative appeal.  In 2012 Petersburg Borough ordered two homeowners to repair or demolish their home after it determined that the building was dangerous.  The homeowners challenged the order and appealed the Borough Assembly's decision to the superior court.  The superior court affirmed the

---

\*    Entered under Alaska Appellate Rule 214.

order and awarded the Borough nominal attorney's fees of $1,000. The court declined to award a greater percentage of attorney's fees, noting irregularities in the administrative proceedings. The homeowners now appeal the fee award, arguing that the Borough is not entitled to recover any attorney's fees. Finding no abuse of discretion in the superior court's fee award, we affirm the court's decision.

## II.    FACTS AND PROCEEDINGS

Karen Ellingstad and Fred Triem own a home in Petersburg Borough. In 2009 their house's foundation collapsed; in 2012 the Borough determined the house to be a "dangerous building" under the Petersburg Municipal Code and ordered Ellingstad and Triem to repair or demolish the house. Following several extensions of time to comply with the order, the Borough Assembly held a hearing on the matter in December 2013. The Assembly ordered the house demolished, and Ellingstad and Triem appealed the administrative decision to the superior court.

Ellingstad and Triem claimed on appeal that the Borough denied them procedural due process by, inter alia, failing to provide adequate notice of the administrative hearing, failing to provide in advance the documents read into the record at the hearing, and relying on hearsay evidence. The superior court found that while it had "significant concerns" about the fairness of the Assembly's process, any error was harmless. The court affirmed the Borough's determination that the house was a "dangerous building." Ellingstad and Triem filed a petition for rehearing, which the superior court denied in February 2015.

Later that month Ellingstad and Triem filed a Notice of Appeal to this court. But they failed to timely file an opening brief or excerpt, and we ultimately dismissed the case nunc pro tunc in July 2015.

In the meantime the superior court was considering the issue of attorney's fees. The Borough requested fees under Alaska Rule of Appellate Procedure 508(e),

which at the time authorized a discretionary attorney's fee award for the prevailing party in an administrative appeal to the superior court.[1] The Borough sought an award of $14,283, which was about 50% of its actual reasonable attorney's fees.[2] The Borough contended that such a large award was warranted because the homeowners had purposely engaged in "vexatious" tactics designed to discourage the Borough from enforcing its order. Ellingstad and Triem opposed the Borough's motion for attorney's fees.

In August 2015 the superior court awarded the Borough $1,000 in attorney's fees as the prevailing party. The court observed that while Rule 508 was amended in April 2015 to require the superior court to award 20% of actual attorney's fees, neither party had argued that the amendment should apply, and the court assumed it did not. The court found merit to Ellingstad and Triem's argument that the Borough proceedings were irregular and unfair to them; it therefore declined to award the enhanced fees requested by the Borough. The court found instead that the circumstances of the administrative proceedings "justif[ied] a lower fee award than what would be called for under Rule 82" and that the Borough was entitled to only "a small fraction of the actual fees incurred." The award was formalized as a final judgment.

---

[1] At the time the Borough requested attorney's fees, Rule 508(e) provided that "[a]ttorney's fees may be allowed in an amount to be determined by the court." *See City & Borough of Juneau v. State*, 361 P.3d 926, 935 (Alaska 2015).

[2] Rule 508 at the time did not prescribe a schedule for fee awards, but the Borough noted in its motion for fees that we had approved of using Alaska Rule of Civil Procedure 82 as a guideline for calculating fees in administrative appeals. *Stalnaker v. Williams*, 960 P.2d 590, 597 (Alaska 1998) (citing *Carr-Gottstein Properties v. State*, 899 P.2d 136, 148-49 (Alaska 1995)). Civil Rule 82 provides for an award of 30% of fees when the prevailing party recovers no money judgment. Alaska R. Civ. P. 82(b)(2).

Ellingstad and Triem then filed a new Notice of Appeal with this court. Despite being notified that any points already raised in the first appeal would be rejected as untimely, Ellingstad and Triem addressed both the merits of the administrative decision and the attorney's fee award in their appellants' brief. The Borough moved to strike all portions of the brief not addressing the fee award. Ellingstad and Triem opposed the motion, arguing that their first appeal to this court had been premature and that the case only became ripe for appeal upon entry of the "final judgment" awarding attorney's fees in August 2015. We rejected this argument because the entry of a formal "final judgment" to allow the Borough to collect its attorney's fee award did not revive Ellingstad and Triem's right to appeal the superior court's decision on the merits. The only issue properly before us on appeal now is the August 2015 award of attorney's fees.

## III.  STANDARD OF REVIEW

"We review attorney's fee awards for abuse of discretion."[3] We will find an abuse of discretion if the award of attorney's fees is " 'arbitrary, capricious, manifestly unreasonable, or improperly motivated.' "[4]

## IV.  DISCUSSION

Ellingstad and Triem argue that the superior court abused its discretion in granting $1,000 in attorney's fees to the Borough. We disagree.

"When the superior court acts as an intermediate appellate court, it has broad discretion to award reasonable attorney's fees under Appellate Rule 508(e)."[5]

---

[3]     *Lee-Magana v. Carpenter*, 375 P.3d 60, 63 (Alaska 2016) (citing *Greene v. Tinker*, 332 P.3d 21, 41 (Alaska 2014) and *Koller v. Reft*, 71 P.3d 800, 808 (Alaska 2003)).

[4]     *Id.* (quoting *Rhodes v. Erion*, 189 P.3d 1051, 1053 (Alaska 2008)).

[5]     *Miller v. Matanuska-Susitna Borough*, 54 P.3d 285, 289 (Alaska 2002)
(continued...)

There is no indication that the superior court abused its discretion by awarding the prevailing party fees that even Ellingstad and Triem have acknowledged to be nominal.

Ellingstad and Triem, citing to the superior court's discussion of its rationale in awarding only $1,000 in attorney's fees, now assert that the Borough was entitled to recover *no* fees. They argue that "[i]f the prevailing party used unfair tactics, as here, it should receive no fee award at all," but they fail to provide support for this argument.[6] As Ellingstad and Triem acknowledge in their brief, the superior court took into consideration their well-founded complaint about the irregularities and unfairness of the Borough Assembly proceedings. Noting that "[Ellingstad and Triem's] arguments . . . were by no means frivolous" and that these procedural irregularities justified a smaller fee award, the court chose to award only nominal fees. The superior court appropriately exercised its discretion in awarding $1,000 in nominal attorney's fees to the Borough.

## V.    CONCLUSION

Because the superior court's award of $1,000 in attorney's fees to the Borough was not an abuse of discretion, we AFFIRM the court's decision.

---

[5]    (...continued)
(citing *Rosen v. State Bd. of Pub. Accountancy*, 689 P.2d 478, 482 (Alaska 1984)).

[6]    Indeed, in their opposition to the Borough's motion for attorney's fees, Ellingstad and Triem relied on *Erickson v. City of Hoonah*, in which we observed that at the time we often awarded nominal attorney's fees on appeal, in an amount typically ranging from $500 to $1,500, without regard to "the considerations applicable under Alaska Civil Rule 82." No. S-12805, 2008 WL 4890244, at *6 (Alaska Nov. 12, 2008).