NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| FREDA MILLER, | ) | |
| | ) | Supreme Court No. S-17812 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-18-06925 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| STATE OF ALASKA, DEPARTMENT | ) | AND JUDGMENT* |
| OF ADMINISTRATION, DIVISION OF | ) | |
| RETIREMENT AND BENEFITS, | ) | No. 1910 – August 3, 2022 |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, William F. Morse, Judge.

Appearances: William Grant Callow, Law Offices of William Grant Callow, Anchorage, for Appellant. Laura Wolff, Assistant Attorney General, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for Appellee.

Before: Winfree, Chief Justice, Maassen, Carney, and Henderson, Justices. [Borghesan, Justice, not participating.]

I.    **INTRODUCTION**

A participant in a defined benefit plan of the Alaska Public Employee Retirement System (PERS) appealed a denial of benefits through the administrator's internal appeals process, but the denial of benefits was affirmed. The participant then filed a notice of appeal to the Office of Administrative Hearings (OAH) with the

---

\*    Entered under Alaska Appellate Rule 214.

Division of Revenue and Benefits (the Division). The Division overturned the denial of benefits for the denied claims, but did not refer the appeal to OAH. The participant claimed that she was denied a statutory right to an OAH hearing under AS 39.35.006, and appealed the Division's decision to the superior court. The superior court affirmed the Division's decision. We conclude that the Division's interpretation that its regulation did not require it to refer the appeal to OAH is reasonable and consistent with statute. We therefore affirm the superior court's decision upholding the Division's final decision.

## II. FACTS AND PROCEEDINGS

### A. Facts

Freda Miller is a retired State of Alaska employee enrolled in the AlaskaCare Retiree Health Plan (the Plan) under PERS. The Plan is managed by the Division, which has contracted Aetna as a third-party administrator.

Miller has been diagnosed with fibromyalgia, a chronic health condition that causes muscle pain, fatigue, and other symptoms. Miller received prescribed massage therapy treatment for her fibromyalgia. The massage therapy treatments were initially covered by the Plan. In February 2017 Aetna informed Miller that it had concluded the treatments were not "medically necessary" as required by the Plan, and therefore it would no longer provide coverage for massage therapy treatments she received after November 3, 2016. Aetna also informed Miller of her right to appeal the decision.

In April 2017 Miller timely filed a Level I appeal with Aetna's internal appeals process. She stated that because she had received many additional massage treatments before she was notified that Aetna had denied coverage, she faced "an undue

and unexpected financial burden" due to the denial. Aetna maintained its denial of coverage.

In September 2017 Miller filed a Level II appeal to Aetna's external review organization for the benefits denied between November 3, 2016 and March 17, 2017. The external reviewer upheld the denial of benefits because although massage therapy "has been proven to be effective . . . [it] is not medically necessary for this patient because there is insufficient documentation supporting the indication for therapy, goals for therapy, and progress with therapy." The reviewer informed Miller of her right to appeal to OAH by filing a request for appeal with the Division.

## B. Administrative Appeal

Miller filed a Level III appeal with the Division in December 2017. She again stated that the denial of benefits caused an "undue and unexpected financial burden" from the massage therapy she received from November 2016 through February 2017, before she was aware that Aetna had denied coverage. She also asked the Division to conclude that the massage therapy treatments were medically necessary and direct Aetna to pay for them. She argued that "to suddenly stop paying these claims and denying any future coverage for treatment of fibromyalgia symptoms is a diminishment of my health benefits." And she requested the Division to forward her appeal to OAH for review.

Instead of referring the matter to OAH, the Division sent Miller a "pay and educate" letter in March 2018. In the letter, the Division stated that it had decided to reverse the denial of coverage for claims from November 3, 2016 through March 17, 2017. But the letter stated that coverage was for "this instance only" and "neither implies nor guarantees payment of future claims in any way whatsoever" and "payment of one

claim cannot be relied upon to infer eligibility for payment of future claims." The letter cautioned Miller that rehabilitative care "is considered medically necessary only if significant improvement in body function is occurring and is expected to continue" or if the therapy is "aimed at slowing deterioration of body functions." It also advised that "[p]hysical therapy in persons whose condition is neither regressing nor improving is considered not medically necessary." The letter outlined requirements for documenting services, including a statement "outlining the goals of therapy, type of program, and frequency and duration of therapy." And the letter advised Miller that she and her health care provider might consider whether her massage treatment could be eligible for coverage to treat chronic pain, rather than as physical therapy. The letter did not inform Miller of any appeal rights.[1]

Miller took this letter to mean that the Division "left in place the Aetna decision to deny coverage for" future treatments. She wrote again to the Division, asking why her appeal was not forwarded to OAH, and arguing that the Division's decision was "invalid and . . . of no consequence because [her] lawful appeal rights . . . were not followed." She pointed out that the Division had "not appropriately followed" the statutory requirement to accept or reject appeals to OAH within ten days of receiving the appeal. The Division responded that the request for appeal was closed because coverage was provided and "the basis for [the] appeal ha[d] been resolved."

Miller wrote directly to OAH, insisting that the Division was unlawfully blocking her "right under the law to have [the] appeal reviewed by OAH." In April 2018 the Deputy Chief Administrative Law Judge (ALJ) at OAH wrote to Miller informing

---

[1] Nearly two months later, the Division informed Miller by a separate letter that she had the right to appeal to the superior court.

her that her direct appeal could not be granted because AS 44.64.060(b) does not contemplate direct appeals and 2 Alaska Administrative Code (AAC) prohibits direct appeals except as provided by statute.[2]  The ALJ also wrote that the appeal had been "mishandled" by the Division in various ways, including the Division's untimely action on her request for appeal.  However, the ALJ concluded that "in some fashion a 'final decision' has been rendered on [the] appeal" and advised Miller that she had the right to appeal the Division's decision to the superior court.

### C.   Superior Court Appeal

Miller filed a Notice of Appeal in the superior court challenging OAH's decision "which denied her statutory right to appeal the denial by the Division . . . to be provided coverage for certain medical insurance benefits under the PERS retiree health care plan."  She moved to remand the matter back to OAH for a hearing.  In her motion, she requested an order establishing that she had been denied her statutory right to an appeal before OAH and that the Division's decision was not final or appealable to the superior court until it had been heard before OAH and OAH had issued a decision.  She also asked the court to award her reasonable costs and fees.  After receiving an opposition from the Division, the superior court denied the motion, stating that it could not "make a decision . . . without the benefit of an agency record or formal briefing."

After the agency record was complete and sent to the court, Miller filed a renewed motion asserting that the superior court lacked jurisdiction to hear the merits of

---

[2]    See 2 AAC 64.110 (2021) ("An administrative hearing within the mandatory jurisdiction of the office is initiated as a statute or regulation of the referring agency may provide.  A notice of appeal or request for hearing may not be filed directly with the office by the person contesting the agency decision, except as provided by statute.").

her appeal, and asking the court to recognize her statutory right to a hearing before OAH and remand the case to the agency. The superior court denied the motion "based on [the] same grounds" as its previous denial. The parties then submitted their appellate briefs.

Following oral argument the superior court issued a lengthy written order denying Miller's request for relief. Regarding Miller's claim that the superior court lacked jurisdiction, the court observed:

> [I]t is a strange argument for the person who initiated an appeal to claim that the entity to which she appealed has no jurisdiction to hear her appeal. This is particularly so when she is not asking th[e court] to dismiss her appeal, but rather asks it to exercise its jurisdiction and force an administrative agency (OAH) to act in its capacity as an appellate body.

The court concluded that it had statutory jurisdiction[3] to review Miller's "appeal of the initial decision not to pay for the medical services [s]he had received."

Next, the superior court addressed whether Miller had been denied proper process by OAH and the Division. The court acknowledged that AS 39.35.006 authorized a PERS beneficiary to appeal "a decision made by the administrator to the office of administrative hearings established under AS 44.64." But it concluded that AS 44.64.060(b) did not authorize direct appeals to OAH and 2 AAC 64.110 specifically prohibited PERS beneficiaries from initiating a direct appeal with OAH. The court

---

[3]     Alaska Statute 22.10.020(d) grants "[t]he superior court . . . jurisdiction in all matters appealed to it from a subordinate court, or administrative agency when appeal is provided by law" while Alaska Rule of Appellate Procedure 601(b) provides that "[a]n appeal may be taken to the superior court . . . from a final decision of an administrative agency." The court also concluded that AS 39.35.006, in conjunction with AS 44.64.060(b), did not authorize PERS beneficiaries to file direct appeals with OAH.

therefore affirmed the Division's decision not to refer Miller's appeal to OAH after it reversed Aetna's denial of past benefits.

Furthermore, the court noted that 2 AAC 35.080 allows appeals only when "a final decision by the administrator is in whole or in part adverse to the person seeking the decision."[4] The court agreed with the Division's assertion that its decision to pay for Miller's benefits was not adverse to her. The court also declined to address any future denial of payment, noting that if it occurred, "then Miller may appeal again."

The Division then sought $12,718.45 in attorney's fees under Appellate Rule 508(e)(4).[5] Miller argued that she should not have to pay attorney's fees under

---

[4] "If a final decision by the administrator is in whole or in part adverse to the person seeking the decision, the division will include with that decision an outline of the procedures necessary for filing an administrative appeal of the decision and the notice of appeal form necessary to initiate the appeal." 2 AAC 35.080(a).

[5] The Rule provides:

Attorney's fees shall not be awarded unless

. . . .

(4) the appeal was taken under Rule 601, in which case the court shall award the prevailing party 20% of its actual attorney's fees that were necessarily incurred, except in cases where

. . . .

(B) the court determines that an award of fees would be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use of the courts if not reduced. Alaska R. App. Proc. 508(e)(4).

subsection (B) of the Rule because "exposure to the risk of an adverse award would deter future retirees from appealing a denial of medical benefits to the superior court."

The superior court reviewed the Division's fee request to determine which fees were "necessarily incurred." It next analyzed Miller's reasons for bringing the suit and found that they were "in large part financially motivated." The superior court found that Miller's Level I and II appeals for reimbursement and future assurance of coverage could arguably "benefit not just her alone[,] but all similarly situated retirees," but once the Division reversed the denial of coverage for her past medical expenses, her interest in appealing her case to the superior court to "secure future claims was far more personal and unique to her." Concluding that an award of attorney's fees would not unduly deter future litigants, the superior court applied Rule 508(e)(4)(B) and awarded the Division a reduced amount of 10% of the attorney's fees it necessarily incurred in the amount of $4,359.20. The court did not address Miller's claim that she could not be ordered to pay attorney's fees because she was enforcing a right under the Alaska Constitution.[6]

Miller appeals.

III. STANDARD OF REVIEW

"When the superior court is acting as an intermediate appellate court, we independently review the merits of the underlying administrative decision."[7] "The

---

[6] Alaska Statute 09.60.010(c) provides in pertinent part that "[i]n a civil action or appeal concerning the establishment, protection, or enforcement of a right under the United States Constitution or the Constitution of the State of Alaska, the court . . . may not order a claimant to pay the attorney fees of the opposing party devoted to claims concerning constitutional rights."

[7] *Markham v. Kodiak Island Borough Bd. of Equalization*, 441 P.3d 943, 949
(continued...)

deference we afford to agency decisions in our independent review varies based on the type of determination disputed on appeal."[8]

"For 'questions of law involving "agency expertise or the determination of fundamental policies within the scope of the agency's statutory functions," ' we evaluate 'whether the agency's decision is supported by the facts and has a reasonable basis in law, even if we may not agree with the agency's ultimate determination.' "[9] " 'We review an agency's interpretation and application of its own regulations using the reasonable basis standard of review' and will defer to the agency's interpretation 'unless its "interpretation is plainly erroneous and inconsistent with the regulation." ' "[10]

"We review for abuse of discretion both the determination of prevailing party status and the award of attorney fees."[11] "An award constitutes an abuse of discretion only when it is manifestly unreasonable."[12]

---

[7]    (...continued)
(Alaska 2019) (quoting *Heller v. State*, 314 P.3d 69, 72 (Alaska 2013)).

[8]    *N. Slope Borough v. State, Dep't of Educ. & Early Dev.*, 484 P.3d 106, 113 (Alaska 2021) (citing *Davis Wright Tremaine LLP v. State, Dep't of Admin.*, 324 P.3d 293, 298-99 (Alaska 2014)).

[9]    *Id.* (quoting *Nicolos v. N. Slope Borough*, 424 P.3d 318, 325 (Alaska 2018)).

[10]    *Id.* (quoting *Davis Wright Tremaine*, 324 P.3d at 299).

[11]    *Nautilus Marine Enters., Inc. v. Exxon Mobil Corp.*, 332 P.3d 554, 557 (Alaska 2014).

[12]    *Thorstenson v. ARCO Alaska, Inc.*, 780 P.2d 371, 376 (Alaska 1989).

## IV. DISCUSSION

### A. The Superior Court Did Not Err By Hearing Miller's Appeal And Affirming The Division's Final Decision.

Miller claims that AS 39.35.006 gives her an "unqualified right" to a hearing before OAH. She argues that because she did not receive such a hearing, the superior court erred "when it held that it had jurisdiction to hear the merits" of her appeal and instead the court should have remanded her appeal to OAH for a hearing. We presume the superior court has jurisdiction to review administrative decisions,[13] and we must first determine whether the Division was required by law to refer Miller's appeal to OAH for a hearing.

#### 1. The Division was not required to refer Miller's appeal to OAH.

Under 2 AAC 35.080(a): "If a final decision by the administrator is in whole or in part adverse to the person seeking the decision, the division will include with that decision an outline of the procedures necessary for filing an administrative appeal of the decision and the notice of appeal form necessary to initiate the appeal." The Division interprets this regulation "to mean that when it fully pays for a claimed medical expense, its decision is non-adverse" and there is no controversy left to appeal. Since its decision to pay for Miller's previously denied claims was both final and non-adverse,

---

[13] *See Bethel Utils. Corp. v. City of Bethel*, 780 P.2d 1018, 1022 (Alaska 1989) ("Unless the legislature provides otherwise, administrative decisions are presumed to be judicially reviewable."); AS 22.10.020(d) ("The superior court has jurisdiction in all matters appealed to it from a subordinate court, or administrative agency when appeal is provided by law.").

the Division claims it was not obligated to provide Miller "the notice of appeal form necessary to initiate the appeal" with OAH.[14]

"[W]e review whether an agency's interpretation of its regulation is 'plainly erroneous and inconsistent with the regulation' — i.e., whether it has a reasonable basis."[15] Miller claims that the Division's final decision was adverse to her because it did not address whether her massage therapy treatments would be covered by the Plan in future. But the Division's policy, which is mirrored in Aetna's Retiree Information Booklet, is to review each claim for health benefits individually for coverage eligibility. Therefore the Division could not render a final decision on Miller's future claims because they were not ripe. And the Division specifically left open Miller's ability to appeal future denials of coverage if they arose. Reasonable basis review "recognizes that the agency is best able to discern its intent in promulgating the regulation at issue."[16] The Division's interpretation that it rendered a non-adverse final decision under 2 AAC 35.080 by paying for Miller's claimed expenses is reasonable.

"We also review whether the agency's interpretation is inconsistent with or contrary to the statute on which the regulation is based. An agency's interpretation is consistent with statute unless the statute's text and purpose prohibit such an

---

[14]     2 AAC 35.080(a).

[15]     *Davis Wright Tremaine*, 324 P.3d at 301 (quoting *Kuzmin v. State, Com. Fisheries Entry Comm'n*, 223 P.3d 86, 89 (Alaska 2009)).

[16]     *Id.* at 301 (quoting *Rose v. Com. Fisheries Comm'n*, 647 P.2d 154, 161 (Alaska 1982)).

interpretation."[17]  The Division's interpretation of its regulation — that it does not require the Division to refer resolved appeals to OAH — is not prohibited by statute. Alaska Statute 39.35.006 states that members "may appeal a decision made by the administrator to the office of administrative hearings established under AS 44.64."  But AS 44.64.060, which governs the process for OAH hearings, makes clear that when an agency receives a request for a hearing it may "deny the request for reasons provided by law or grant the request and refer the case to [OAH]."[18]  Miller's argument that she had an "unqualified right" for an appeal hearing before OAH is not supported by the relevant statutes which specifically contemplate an agency's authority to deny her request for such a hearing.

### 2.    The superior court had jurisdiction to hear Miller's appeal.

Miller claims that the superior court erred when it held that it had the jurisdiction to hear the merits of her appeal.  She asserts that the court should have remanded her appeal to OAH for a formal hearing.  At the outset, we agree with the

---

[17]    *Id.* at 302.

[18]    AS 44.64.060(b) ("When an agency receives a request for a hearing that is subject to AS 44.64.030, the agency shall, within 10 days and in writing, deny the request for reasons provided by law or grant the request and refer the case to the office.").  OAH's interpretation of its governing statutes aligns with the Division's interpretation of its regulation, 2 AAC 35.080.  In his letter to Miller, the ALJ confirmed that OAH's policy is to accept PERS appeals only on referral from the Division, because PERS appeals are subject to OAH's mandatory jurisdiction under AS 44.64.030.  The ALJ further noted that this policy is supported by OAH regulation which provides that "[a]n administrative hearing within the mandatory jurisdiction of the office is initiated as a statute or regulation of the *referring* agency may provide.  *A notice of appeal or request for hearing may not be filed directly with the office by the person contesting the agency decision,* except as provided by statute."  2 AAC 64.110 (emphasis added).

superior court that "it is a strange argument for the person who initiated an appeal to claim that the entity to which she appealed has no jurisdiction to hear her appeal." We also note that the superior court did not address the merits of her benefits claim — it addressed only whether the Division had made a legal error by declining to refer her appeal to OAH for a hearing. The superior court had jurisdiction to do so.

Alaska Statute 22.10.020 grants the superior court "jurisdiction in all matters appealed to it from a subordinate court, or administrative agency when [the] appeal is provided by law."[19] Alaska Appellate Rule 601(b) authorizes an appeal "from a final decision of an administrative agency" to "be taken to the superior court." And "[u]nless the legislature provides otherwise, administrative decisions are presumed to be judicially reviewable."[20] OAH's governing statutes state that "[i]f the request [for an OAH hearing] is denied, *the denial may be appealed to the superior court* as provided by other law."[21] Here, the Division made the final decision to pay for Miller's claimed expenses and deny her request for an OAH hearing. Under the statutes, Miller could appeal the Division's decision only to the superior court.[22] Therefore, the superior court

---

[19]    AS 22.10.020(d).

[20]    *Bethel Utils. Corp. v. City of Bethel*, 780 P.2d 1018, 1022 (Alaska 1989).

[21]    AS 44.64.060(b) (emphasis added).

[22]    Miller appealed OAH's "decision" from the ALJ to deny her request for a direct appeal to the superior court. The superior court affirmed both OAH's decision to reject the direct appeal and the Division's decision not to refer the appeal to OAH. The Division notes that the "superior court's review of [OAH's] decision [is] jurisdictionally problematic" because the Division was not required to refer Miller's appeal to OAH and OAH had no jurisdiction to review it without the Division's referral. Therefore, the
(continued...)

had jurisdiction to hear the appeal and determine whether the Division had made a legal error by not referring her appeal to OAH.[23]

## B.    The Superior Court Did Not Err By Awarding Attorney's Fees.

Miller argues that the superior court erred when it awarded attorney's fees to the Division in the amount of $4,359.  Alaska Appellate Rule 508(e)(4) states that when a superior court hears administrative appeals authorized by Rule 601,[24] "the court shall award the prevailing party 20% of its actual attorney's fees that were necessarily incurred" unless "the court determines that an award of fees would be so onerous to the non-prevailing party that it would deter similarly situated litigants from the voluntary use

---

[22]    (...continued)
superior court lacked jurisdiction to hear Miller's appeal of OAH's "ultra vires" decision. However, "the Division suggests that in the interest of substantial justice" we should construe Miller's appeal to the superior court "liberally" as appealing the Division's decision not to refer her appeal to OAH.

Notably, the confusion surrounding OAH's jurisdiction seems, in part, due to the Division's complete disregard of its statutory obligation to render a decision on Miller's request within ten days and give notice to OAH of its decision to deny Miller's request for a hearing.  AS 44.64.060(b).  The Division took 81 days to render a decision on Miller's request and never gave the statutorily required notice to OAH.  However, since we agree with the Division's interpretation of its regulation and governing statute — that the Division is not required by statute or regulation to refer the appeal to OAH — we construe Miller's appeal to the superior court as appealing the Division's decision not to refer her appeal to OAH.

[23]    Miller also claims that the superior court erred when it determined that the merits of her claim were moot.  But the superior court did not make any decision on the merits of her claim.  It simply affirmed that the Division had not made a legal error when it declined to refer her appeal to OAH for a hearing.

[24]    Rule 601(b) provides that the final decision of an administrative agency may be appealed to the superior court.

-14-                    *1910*

of the courts if not reduced."[25]  "Application of Appellate Rule 508(e) is and should remain a matter committed to the sound discretion of our trial courts, when sitting as intermediate appellate tribunals."[26]  The superior court abuses its discretion by awarding fees that are manifestly unreasonable.[27]

Miller argues that the superior court's award was unreasonable because it could deter retirees living on fixed incomes from bringing Rule 601 appeals.  The superior court specifically considered Miller's retirement status in its order.  It reasoned that her initial appeals of Aetna's denial of coverage could have an effect on other retirees, but concluded that Miller's interest in appealing to the superior court to gain an OAH hearing and secure her future claims was "personal and unique to her."  The superior court also found that the award of attorney's fees would not have an inappropriate deterrent effect.  The superior court did not abuse its discretion by awarding 10% of the Division's requested attorney's fees.[28]

---

[25]     Alaska R. App. P. 508(e)(4).

[26]     *Rosen v. State Bd. of Pub. Accountability*, 689 P.2d 478, 482 (Alaska 1984).

[27]     *Nautilus Marine Enters., Inc. v. Exxon Mobil Corp.*, 332 P.3d 554, 557 (Alaska 2014) ("An award constitutes an abuse of discretion only when it is manifestly unreasonable." (quoting *Thorstenson v. ARCO Alaska, Inc.*, 780 P.2d 371, 376 (Alaska 1989))).

[28]     Miller also argues that Aetna's use of "medically necessary" as criteria for insurance coverage violated her constitutional or contractual rights and that she is a constitutional claimant under AS 09.60.010(c)(2).  But, as the superior court determined, her constitutional claims were not properly raised in her administrative appeal because "[a]dministrative agencies do not have jurisdiction to decide issues of constitutional law." *Alaska Pub. Int. Rsch. Grp. v. State*, 167 P.3d 27, 36 (Alaska 2007).  Moreover,

(continued...)

## V. CONCLUSION

The superior court's decision is AFFIRMED.

---

[28]    (...continued)
the superior court concluded that Miller's appeal was "in large part financially motivated."